UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

STEPHEN LAROY JONES,
Prisoner ID No. 03609-007,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. TDC-14-3101
Criminal Action No. TDC-11-0079

**MEMORANDUM OPINION**

On August 29, 2014, Petitioner Stephen Laroy Jones filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). Crim. Action No. TDC-11-0079, ECF No. 80.[1] Jones is currently incarcerated at Federal Correctional Institution ("FCI") Cumberland, Maryland, where he is serving a 120 month sentence for a violation of 18 U.S.C. § 922(g) (felon in possession of a firearm) and a 130 month sentence for a violation of 21 U.S.C. 841(a)(1) (possession with intent to distribute a controlled substance), with these sentences running concurrently. See ECF No. 56 (judgment of conviction). In his Motion, Jones makes three claims: (1) that he received ineffective assistance of counsel; (2) that he should be entitled to receive the benefit of the prosecution's initial plea offer; and (3) that the sentencing court engaged in fact-finding in violation of *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), and thus that his sentence should be vacated. For the reasons set forth below, Jones's Petition is DENIED.

---

[1] Although Jones's Motion was assigned a civil case number, all documents related to the Motion have been docketed under the criminal case number.

## BACKGROUND

The full factual and procedural history leading to Jones's conviction and sentence was set forth in a prior Memorandum Opinion of the Court (Williams, J.). *See* ECF No. 76 at 1-2. As relevant to the present Motion, at his initial appearance on March 10, 2011, Jones was appointed counsel. ECF No. 8. By July 2011, in the midst of plea negotiations, the relationship between Jones and counsel had soured, so Jones's first counsel was relieved and new counsel appointed. ECF No. 22. Plea negotiations continued, and on October 11, 2011, Jones pleaded guilty pursuant to a plea agreement to possession of a firearm by a felon and possession with intent to distribute controlled substances. ECF No. 47. As part of his plea agreement, Jones waived his right to appeal his conviction and sentence. October 11, 2011 Written Plea Agreement ¶ 17, ECF No. 48. The aggregate sentence of 130 months of imprisonment was imposed on February 2, 2012. *See* ECF No. 56 (Judgment).

Jones appealed his conviction to the United States Court of Appeals for the Fourth Circuit, challenging the voluntariness of his plea, the validity of his waiver of his right to appeal, and his sentence. *See* ECF No. 58 (Notice of Appeal). On September 5, 2012, the Fourth Circuit denied the appeal, holding that Jones's guilty plea and waiver of his right to appeal were valid and accordingly dismissing Jones's challenge to his sentence. ECF No. 69; *United States v. Jones*, 493 Fed. App'x. 444, 446 (4th Cir. 2012).

On February 26, 2013, Jones filed a Petition to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, which enables federal prisoners to challenge collaterally the validity of their convictions and sentences. ECF No. 71. In that Petition, Jones claimed that his first attorney provided him constitutionally ineffective assistance because she failed to secure a favorable plea offer for him. Specifically, Jones contended that early in the plea negotiations, the

government offered him the opportunity to plead guilty under Federal Rule of Criminal Procedure 11(c)(1)(C), which would have allowed him to plead guilty to one count of violating 21 U.S.C. § 841(a) (possession of a controlled substance) and would have obligated the Court to sentence him to 60 months' imprisonment. Jones further claimed that his first attorney failed to fully explain the "potential benefits, as well as risk, of accepting or rejecting said agreement." Mem. Supp. Pet. at 2, ECF No. 71-1.

On August 9, 2013, the Court (Williams, J.) denied Jones's § 2255 petition. ECF No. 76. The Court observed that while that the original plea offer involved Jones pleading guilty to one count of violating 21 U.S.C. § 841(a), the offer was not framed as a Rule 11(c)(1)(C) plea, and it guaranteed no particular sentence, instead providing that sentencing was in the sole discretion of the court. Mem Op. at 4-5. The Court noted as well that the government made the same initial plea offer both to Jones's first attorney and to his second attorney, and that Jones rejected the offer both times. *Id.* at 5. The Court accordingly concluded that even if Jones's first counsel had been ineffective, Jones could not establish that he was prejudiced by that ineffectiveness, so his claim failed. *Id.*

In the pending Motion, Jones again maintains that the government's initial plea offer guaranteed him a 60 month sentence and expands his claims of ineffectiveness by asserting that both his first and second attorneys failed adequately to explain that offer to him, causing him to reject it. He also contends that the sentencing court increased his sentence based on facts not found by a jury.

## DISCUSSION

**I.    Jones's Pending Petition**

Jones captions his Motion as one made pursuant Federal Rule of Civil Procedure 60(b),

which enables parties to obtain relief from a final judgment in certain exceptional circumstances. However, the substance of Jones's motion, which challenges the validity of his conviction and sentence and largely reiterates the ineffective assistance of counsel claims that Jones made in his prior § 2255 petition, requires that this Court construe his filing as a second § 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) ("[D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.") (emphasis in original); *see Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (explaining, in the context of Rule 60(b) motions and § 2254 petitions, that the subject matter of the motion, not its caption, will determine its treatment). Jones's argument under *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013) is a "new legal argument[]" that "will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Winestock*, 340 F.3d at 207.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") placed "significant restrictions on prisoner litigation," limiting a prisoner's ability to file successive applications for post-conviction relief. *Winestock*, 340 F.3d at 203. Petitions pursuant to § 2255 are included in AEDPA's sweep. *Id.* at 205. Under AEDPA, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *Id.* at 205; *see* 28 U.S.C § 2244(b)(3). Pursuant to 28 U.S.C. § 2255(h), the Court of Appeals may authorize a successive application only if the petition relies on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Accordingly, even to the extent that Jones would argue that his claim relating to *Alleyne* may fit under the second prong of this test, because Jones's Motion is properly construed as a second § 2255 petition, this Court can entertain it only if the United States Court of Appeals for the Fourth Circuit has certified that the petition satisfies § 2255(h).[2] Jones does not claim to have received any such certification, nor does the record indicate that he has obtained it. Accordingly, the Motion must be dismissed without prejudice for lack of jurisdiction.

## II. Jones's Right to Appeal This Court's Denial of His Petition

Jones has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1)(B). To appeal this Court's denial of his petition, Jones must therefore obtain a Certificate of Appealability ("COA"). *Id.* When, as here, a district court dismisses a petition solely on procedural grounds, a petitioner must demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'" in order to be entitled to a COA. *Rose v. Lee*, 252 F.3d 676, 684 (4th

---

[2] The Fourth Circuit has not decided whether the constitutional rule announced in *Alleyne* applies retroactively to cases on collateral review. A number of other circuit courts have held that the rule announced in *Alleyne* is not retroactive, a determination also suggested by a decision from this District. *See, e.g., United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013); *In re Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Johnson v. United States*, Civil Action No. DKC-12-2454, 2014 WL 470077, at *5 (D. Md. Feb. 5, 2014) ("[*Alleyne*] likely does not apply retroactively on collateral review."). Where, as here, Jones admitted the facts underlying his sentence at his plea hearing, it is unlikely that *Alleyne* will provide him with relief. *See Johnson*, 2014 WL 470077 at *5 ("*Alleyne*'s rule that facts that increase mandatory minimum sentences must be submitted to the jury cannot help a defendant who admitted to those facts.") (quoting *United States v. Davis*, No. 07-357, 2013 WL 5674134, at *5 (E.D. La. Oct. 16, 2013)).

Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Because Jones has made no such showing, this Court will not issue a COA.

Although this Court declines to issue a COA, Jones may still seek a COA from the Fourth Circuit.  *See* Fed. R. App. P. 22(b)(1) (explaining that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").  Should Jones wish to pursue his Petition with the Fourth Circuit, he may do so by following instructions set out by that Court.  Those instructions will be provided to Jones by the Clerk.

## CONCLUSION

For the foregoing reasons, Jones's Petition is DENIED and a certificate of appealability shall not be issued.  The Clerk is accordingly directed to close this case.  A separate Order follows.

Date: December 17, 2014

THEODORE D. CHUANG
United States District Judge